THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COM-
PANY V. JESSE MORRILL.

No. 14,218. (81 Pac. 470.)

Error from Smith district court; RICHARD M. PICK-
LER, judge. Opinion filed July 7, 1905. ' Reversed.

*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for
plaintiff in error.

*D. M. Relihan,* for defendant in error.

*Per Curiam:* The plaintiff sued for injuries occasioned by
the breaking of a platform forming part of a wooden structure
used as a means of access to a steam-pump placed down near
the water in a deep well, constituting a part of the defendant's
pumping station at Kensington. In the well were several flights
of ladders or steps, and several platforms. The plaintiff pleaded
that the first flight of steps rested upon the first platform, and
that as he stepped from the ladder upon the platform, while
descending into the well, the platform broke into pieces and
caused him to fall and be injured. His evidence supported the
allegations of his petition in every particular as to the portion
of the structure that broke.

The platform in question rested upon beams or stringers,
and was about three feet by four feet in dimension. The de-
fendant's evidence showed that the foot of the ladder referred
to rested upon the east side of the platform; that the top of
the second ladder, leading down to the second platform, rested
against the west side of the first platform; that out to the west
of this platform, and to the west of the top of the second ladder,
some boards were nailed to the stringers, slanting across them,
as braces to hold the stringers in position, leaving an open space
some three or four feet wide between the brace-boards and the
platform; that these boards were not designed to be used as a
means of passage into and out of the well, and were not used
for such purposes; and that after the plaintiff's fall these
boards were found to be broken, while the platform that plain-
tiff claims gave way beneath him was not only unbroken but
that it did not even need repairing until a number of months
afterward.

This sharp conflict in the evidence raised a question as to the
duty of the defendant with reference to the safety of the slant-
ing boards. Upon this subject the defendant requested the court
to give the following instruction:

"You are instructed that if you find from the evidence that
the part of the structure which gave way in the well in question
was not connected with the ladder leading from the top of the
well to the first landing, nor with the ladder leading from the
first to the second landing, and was not there for the purpose

of assisting persons in going into or coming out of the well, but was placed there simply as a brace and support for the stringers and pipe, and that it was not necessary or customary to use said portion of the structure which gave way for the purpose of going into or coming out of the well, then you are instructed that the railway company was not bound to maintain said portion of the structure in a condition sufficient to hold the weight of a man, and the railway company owed no duty to the plaintiff to maintain the portion of the structure which gave way in such a manner as to sustain his weight, and, even if you find from the evidence that plaintiff was directed to go into the well, your verdict must be for the defendant."

The request was refused, and the court on its own motion instructed the jury as follows:

"The alleged act of negligence of which plaintiff complains, so far as your inquiry under the evidence may extend, is as follows: In not exercising ordinary care to ascertain the alleged dangerous condition of said platform, wooden cross-beams and other wooden structure used in said well."

The instruction refused very fairly presented the defendant's theory of the case. The only valid criticism of it which can be made is that it perhaps decided for the jury that the slanting boards were not of such a character as to present the appearance of a platform and justify one looking after the defendant's pumping apparatus in the well to use it as such. But if this be true the instruction given, after calling attention to a structure which the plaintiff's pleadings and testimony show he did not use, in effect decided for the jury and against the defendant the same question of fact, and left the jury free to consider the defendant's responsibility in not exercising ordinary care to ascertain the strength of the slanting boards, even though they were not open to use in going into the well, were mere braces not designed to sustain the weight of a man, and were not of a character to invite a man to use·them as a platform. None other of the instructions given cured this defect, or covered the subject of the instruction refused; hence, the judgment of the district court must be reversed and a·new trial granted. It is so ordered.